**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| GAYLA J. FRAVEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendants. ) | Case No. 10-3480-CV-S-FJG-SSA |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 to 434, in which plaintiff requested review of the Commissioner's decision denying her application for disability benefits. Plaintiff's claims were initially denied. On January 15, 2009, following a hearing, an administrative law judge (ALJ) found plaintiff was not disabled as defined by the Social Security Act. The ALJ also denied benefits. On September 30, 2010, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's brief in support of her complaint. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Judicial review of the Commissioner's final decision under 42 U.S.C. §

405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008). This determination requires review of the entire record, including evidence that detracts from and supports the Commissioner's decision. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court's role, however, is not to reweigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)).

Substantial evidence is more than a mere scintilla but less than a preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Finch, 547 F.3d 933, 935. The substantial evidence standard, however, presupposes a zone of choice within which the decision-maker can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272 (8th Cir. 1988). "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. at 272-73. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (citations omitted).

An individual claiming disability benefits has the burden of proving he or she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of production shifts to the Commissioner to establish that the claimant can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000);

see also 20 C.F.R. § 404.1560(c)(2).

Plaintiff must also show that she was disabled as defined by the Act before her insured status expired on December 31, 2006 (the date through which her earnings records show she had acquired sufficient quarters of coverage to remain insured). Tilley v. Astrue, 580 F.3d 675, 676 (8th Cir. 2009); see 42 U.S.C. § 416(i) (defining the terms "disability" and "period of disability"); § 423(a) (describing who is entitled to disability insurance benefits). Plaintiff claims that her disability began on March 1, 2005, and thus the relevant time for the Court to determine whether she was under a disability is between March 1, 2005 and December 31, 2006.

The Court has reviewed the parties' briefs and the record. Like the ALJ, the Court acknowledges plaintiff had the severe impairment of cranial cervical dystonia and that she did not engage in substantial gainful activity from March 1, 2005 and December 31, 2006.. Plaintiff did not, however, have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. pt. 404, subpt. P, app. 1, Listing of Impairments. In addition, the ALJ found that Plaintiff's subjective allegations of disabling limitations were not supported by the evidence of record. The Eighth Circuit has held that the absence of an objective medical basis to support the degree of a claimant's subjective complaints is an important factor in evaluating the credibility of the claimant's testimony and complaints. Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991). The record supports the ALJ's finding that Plaintiff retained the residual functional capacity to perform sedentary work, and that jobs existed in significant numbers in the national economy that she could have performed. Finally, the ALJ's finding that Plaintiff was not under a disability, as defined by the Act, at any time from the alleged onset date of March 1, 2005, through December 31, 2006, the date she was

last insured, is supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that plaintiff's claim is **DENIED**, and the ALJ's decision is **AFFIRMED.**

**IT IS SO ORDERED.**


Date: July 8, 2011         */s/ Fernando J. Gaitan, Jr.*
Kansas City, Missouri        Fernando J. Gaitan, Jr.
       Chief United States District Judge